## GEORGE KAPPES ET AL.

### v.

## THE GEO. E. WHITE HARD WOOD LUMBER CO.

1. PAYMENT BY PROMISSORY NOTE.—Where parties agree to accept a promissory note in payment of a debt, the taking of such note in pursuance of the agreement, merges the original cause of action in the note, and a recovery, if had at all, must be had upon the note. And if such agreement was in fact made, and a note given in pursuance thereof, the creditor cannot rescind such contract for the purpose of suing upon the original cause of action by simply returning the note.

2. INSTRUCTIONS.—Where the evidence tended to show that the plaintiff accepted a note in payment of the original debt, an instruction to the effect that if the jury believe, from the evidence, that the defendants paid the plaintiff the bill in question by their note, and the plaintiff accepted said note as payment, then such payment was a satisfaction of the bill; and the fact that the plaintiff afterward gave said note to defendant's bookkeeper would not revive said account, unless it should appear from the evidence that the bookkeeper had authority to receive the same; and unless it further appear that there was an agreement cancelling the acceptance of said note and reviving said bill, was proper, and should have been given.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. BRANDT & HOFFMAN, for appellants.

Messrs. MUNN, INGHAM & POPE, for appellee; argued that in rendering a verdict for the plaintiff the jury did substantial

Kappes et al. v. The Geo. E. White Co.

justice, and where this appears a judgment will not be reversed, although some of the instructions are wrong, and cited Leigh v. Hodges, 3 Scam. 15; Dishon v. Schorr, 19 Ill. 59 ; Hardy v. Keeler, 56 Ill. 152; C. B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; Ill. Cen. R. R. Co. v. Swearingen, 47 Ill. 216; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309.

That taking of a note is not payment of a pre-existing debt: Heart v. Rhodes, 66 Ill. 351; Story on Prom. Notes, § 104; Puckford v. Maxwell, 6 T. R. 53; Morrison v. Smith, 81 Ill. 221.

Upon the right to return the note and bring suit upon the original cause of action: Stevens v. Bradley, 22 Ill. 244; Hughes v. Wheeler, 8 Cow. 76.

MURPHY, P. J. This was an action of assumpsit, commenced to the January term, A. D. 1878, of the County Court of Cook county, by appellee against appellants, to recover for a bill of lumber theretofore sold to appellants, amounting to $551.19. At that term of court, the cause came on to be tried by the court and a jury, which resulted in a verdict and judgment against appellants for $551.19, from which judgment the appellants prayed an appeal to this court, and bring the record here, and assign several errors; the first and second of which raise all the questions in the record which it will be necessary for us to consider. The first is, that the court erred in giving appellees instructions.

Second, in refusing to give and in modifying, and giving as modified, appellants' instructions. It is admitted by appellants that prior to the 4th day of October, 1877, they had purchased lumber at different times of the appellee, and that on that date there was justly due to appellee the sum of five hundred and fifty-one dollars and nineteen cents from the appellants. But it is insisted by the appellants that on that day there was an accounting between appellee and appellants, and that appellants executed and delivered their promissory note, due in sixty days to appellee for the amount of said bill, and that it was then and there agreed by and between them that the appellee should accept said note in full payment of the bill.

There is evidence in the record strongly tending to sustain

their view of the case, but on that question the testimony is conflicting. It is claimed by appellee that the promissory note was received by it, but not in payment of the bill, and that it had the right to recover on the original account, claiming to have returned the note to the appellants before suit brought. It is insisted by appellee that it agreed to accept the note in in payment of the bill upon the following condition, namely: that appellee should give to the appellants its note for the same amount, and due at the same time of the note first mentioned, and that appellants should get the same discounted and pass the proceeds over to the appellee, in which event the note given by the appellants was to be received in payment of said bill, but not otherwise. It appears that the appellee gave the appellants such a note, and that they were unable to get the same discounted; that they returned it to the office of the appellee by the hand of their book-keeper, and informed its president of the result of their efforts in that respect; that upon receipt by said president of the note of appellee, given for the purpose of being discounted as above stated, by the hand of the appellant's book-keeper, he returned to said book-keeper at the same time the note of the appellants taken on said lumber bill, as above set forth, and claim the right now to recover on the original cause of action.

As will be seen, the right to do this depended on the question of whether there was a valid contract, as claimed by the appellants, to accept said promissory note in payment of the original cause of action, for if so, such cause of action, by virtue of such contract, and the giving of such note in pursuance thereof, became merged in the note, and the recovery, if had at all, must be had upon said note. If such a contract was in fact made, and the note given in pursuance of it, obviously, the appellee could not rescind such contract by simply returning such note to the book-keeper of the appellants, or otherwise, without the consent of the appellants, no fraud being claimed by either party.

The appellants requested the court at the trial to instruct the jury as follows, to wit: "4th. If the jury believe, from the evidence, that the defendants paid the plaintiff the bill in

question by their note, and that the plaintiff accepted said note as payment of said bill, then such payment was satisfaction of said bill; and the fact if the jury shall believe, from the evidence it is a fact—that the plaintiff gave said note afterwards to the book-keeper of the defendants—would not revive said account, unless it shall appear from the evidence that said book-keeper had authority to receive said note, and also unless it further appears from the evidence that there was an agreement cancelling the acceptance of said note as payment of said bill, and reviving said bill;" which the court refused to do, to which the appellants excepted.  This we think was error.  We think the instruction embodies the law, and makes a correct application of its principles to the evidence in this case, and should have been given.

As we are of opinion that the case must be reversed and remanded for the errors already pointed out—a further discussion of errors is not deemed necessary for the purposes of this decision, but with a view to avoid the same errors on another trial of the cause, we may observe, that we think there is no well founded objection to instructions No. 1, 2 and 3, as asked by appellants, and that they should have been given by the court as asked: That to modify or change them was error, and for these errors the judgment of the court below is reversed and the cause remanded.

Judgment reversed.